## UNITED STATES ex rel. SAMUELS v. PEARSON, Commanding Officer.

## UNITED STATES ex rel. HOROWITZ v. SAME.

### Nos. 8897, 8992.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 9, 1945.

Decided Nov. 15, 1945.

Meyer Kreeger, of New York City (George M. Eichler, and Willner & Willner, both of Jersey City, N. J., on the brief), for appellants Samuels and Horowitz.

Grover C. Richman, Jr., of Camden, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for appellee Pearson.

Before MARIS, GOODRICH, and O'CONNELL, Circuit Judges.

PER CURIAM.

The relators in these two cases claimed exemption from military training and service under the Selective Service Act, 50 U.S.C.A.Appendix § 301 et seq. The claim of each was based upon the asserted fact that he was a student preparing for the ministry. The local board of each at first granted him exemption but, after receiving from the New York City Director of Selective Service the statement and recommendation of an "advisory panel on theological classifications" and after further proceedings not necessary here to relate, cancelled his exemption and reclassified him in Class IA. Each was subsequently inducted into the army and then sued out a writ of habeas corpus in the district court, which after hearing that court discharged. The present appeals followed.

In each of these cases, as in the case of United States ex rel. Levy v. Cain, 2 Cir., 1945, 149 F.2d 338, the membership of the "advisory panel" was cloaked in anonymity, its statement not being signed, and the identity of its membership not being disclosed to the relator or appearing in the record of the proceedings before the local board. In each case it made through the New York City Director of Selective Service a recommendation to the local board as to the action which the board should take.

---

■ We fully agree with the conclusion reached by the Circuit Court of Appeals for the Second Circuit that the interjection of the statement and recommendation of the "advisory panel" into the proceedings of the local boards vitiated those proceedings and rendered the relators' reclassification and induction invalid. The reasons for this conclusion are stated in Judge Learned Hand's opinion in the cited case with such clarity and force as to require no amplification by us.

■ Accordingly in each case the order of the district court is reversed and the cause is remanded to that court with directions to discharge the relator from military custody, without prejudice to further lawful proceedings under the Selective Service Act in his case.